MOTION FOR SUMMARY JUDGMENT
On September 24, 1998, Sidney S. Hamilton filed an action in mandamus seeking a writ which compels the Clerk of the Common Pleas Court for Franklin County and the Franklin County Prosecuting Attorney "to disclose public records relating to Relator's arrest and conviction." The caption on the lawsuit could also be construed as naming the Clerk of the Franklin County Municipal Court as a party. Mr. Hamilton specifically seeks:
 "* * * (1) 5 criminal complaints filed in Municipal Court pursuant to Crim.R.3, and (2) 5 Franklin County Municipal Court JOURNAL ENTRIES, (3) Franklin Couny [sic] GRAND JURY REPORT of the Court of Common Pleas pursuant to R.C. Section 2939.23, and (4) a true and correct copy of Indictment reflects same essential facts upon which Grand Jury found probable cause, and (5) Judgment ENTRY of conviction, and (6) complete and true copy of 'tape conversation' with law enforcement officers on either January 10th, 1993, or February 17, 1993."
After service of process, an answer was filed on behalf of the named respondents. All parties filed evidentiary statements in November of 1998. Mr. Hamilton's evidentiary statement includes a copy of a judgment entry which reflects that he was sentenced to prison in 1993 after pleading guilty to attempted rape and to gross sexual imposition. The evidentiary statement filed on behalf of the named respondents includes two affidavits which claim that the Franklin County Clerk of Common Pleas does not have municipal court records and that the Franklin County Prosecuting Attorney has no record of Mr. Hamilton submitting a written demand for the records he now seeks by way of mandamus action.
Both Mr. Hamilton and the respondents filed briefs. At about the same time, the respondents filed a motion for summary judgment. Mr. Hamilton filed a written response, which includes a copy of an affidavit which states that one Maggie L. Hamilton had "requested records at both the Franklin County Municipal Court Clerk and the Franklin County Common Pleas Court regarding [Mr.] Hamilton." In response, she received a "certified copy of the complaint" from the Clerk of Courts for the Court of Common Pleas."
The motion for summary judgment is now before the court for consideration.
R.C. 149.43 authorizes the filing of a mandamus action when a person is aggrieved by the failure of a governmental unit to make public records available. R.C. 149.43 does not require that a request for review of public record be in writing. Thus, the claim that three governmental units can find no record of a written request for public records does not determine the outcome of this litigation.
We now turn to the six categories of information sought by Mr. Hamilton. The five criminal complaints allegedly filed in the Franklin County Municipal Court and the alleged journal entries, if they exist, are in the possession of the Clerk of Courts for the Franklin County Municipal Court. Summary judgment is therefore granted to the Franklin County Clerk of Courts for the Court of Common Pleas and the Franklin County Prosecuting Attorney as to these five complaints and affiliated entries, assuming they exist. Summary judgment is denied to the Clerk of the Franklin County Municipal Court as to these documents.
The grand jury report, the indictment, and the judgment entry of conviction and the alleged copies of taped conversations would not be in the possession of the Clerk of the Franklin County Municipal Court. Thus, motions for summary judgment for these documents is granted as to the Clerk of the Franklin County Municipal Court.
Copies of the indictment and judgment entry of conviction are routinely maintained by both the Franklin County Prosecuting Attorney and the Clerk of Courts for the Court of Common Pleas. No valid reason for failing to provide these documents has been proferred. Summary judgment is denied for those two parties as to the indictment and journal entry of conviction.
The Franklin County Prosecuting Attorney does not deny having either the grand jury report or copies of the alleged tape conversations. The office does not set forth legal reasons as to why these items should not be provided. Therefore, summary judgment is not appropriate at this time as to those documents.
The Clerk of Courts for the Court of Common Pleas does not deny having possession of the grand jury report and likewise does not set forth reasons why the report, if it exists, should not be provided. The common pleas clerk has no duty to maintain copies of statements made to law enforcement personnel. As a result, summary judgment is denied as to the grand jury report, but granted as to the alleged taped conversations.
In summary, summary judgment is granted in part and denied in part as to each of the named respondents. The respondents are given three weeks of additional time to brief the remaining issues and provide information to moot this action as to the complaints, entries and indictment. Relator, Mr. Hamilton, shall be given two weeks to respond after receipt of any supplemental briefs and information. The case will be considered on the remaining merits on or after April 1, 1999.
Motion granted in part and denied in part.
PETREE and KENNEDY, JJ., concur.